**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2777
_____

ELAINE MICKMAN,
                    Appellant

v.

SUPERIOR COURT OF PENNSYLVANIA,
In Their Official Capacity

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-23-cv-02047)
District Judge:  Honorable Harvey Bartle, III

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 20, 2024

Before: KRAUSE, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: March 29, 2024)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Elaine Mickman filed an action against the Pennsylvania Superior Court. The District Court granted Mickman's motion to proceed in forma pauperis, screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and dismissed it without prejudice for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Mickman filed a post-judgment motion seeking reconsideration, which the District Court denied. This timely appeal ensued. For the following reasons, we will affirm.[1]

In her complaint,[2] Mickman alleged numerous violations of her constitutional rights stemming from the Superior Court's May 27, 2021 order quashing her appeal from an order in a child support proceeding. She cited various civil rights statutes, including 42 U.S.C. §§ 1981, 1983, 1985, and 1986.[3] Mickman sought injunctive, declaratory, and monetary relief.

We agree with the District Court that, to the extent Mickman sought injunctive and monetary relief, her claims are barred by the Eleventh Amendment, which protects a state or state agency from suit unless Congress has specifically abrogated the state's immunity,

---

[1] We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. See G.W. v. Ringwood Bd. of Educ., 28 F.4th 465, 468 & n.2 (3d Cir. 2022) (noting that a dismissal without prejudice for lack of subject matter jurisdiction is a final decision under § 1291). Our review is plenary. See Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 252 (3d Cir. 2010).

[2] The District Court adjudicated Mickman's "Second Amended Complaint." As she did in her motion for reconsideration, Mickman notes on appeal that she only filed one amended complaint. It appears that the amended complaint was filed twice on the docket, but it was properly considered by the District Court as the operative complaint.

[3] Mickman also claimed that the Superior Court violated various criminal statutes, which the District Court properly noted do not give rise to a private cause of action. See ECF No. 6 at 3 n.4.

or the state has waived its own immunity.  See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99–100 (1984); see also Bowers v. Nat'l Athletic Ass'n, 346 F.3d 402, 417 (3d Cir. 2003) (noting that the issue of Eleventh Amendment immunity can be considered sua sponte).  As part of the state unified judicial system, the Superior Court is an "arm of the state" entitled to Eleventh Amendment immunity.  Fitchik v. N.J. Transit Rail Operations, Inc., 873 F.2d 655, 658 (3d Cir. 1989) (en banc) (recognizing that a state agency or department is an "arm of the state" when a judgment against it "would have had essentially the same practical consequences as a judgment against the State itself"); see also Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 240 (3d Cir. 2005) (explaining that Commonwealth courts are entitled to Eleventh Amendment immunity).  Because Pennsylvania has not waived its immunity from suits in federal court, see Downey v. Pennsylvania Dep't of Corr., 968 F.3d 299, 310 (3d Cir. 2020), and the Eleventh Amendment applies to all of Mickman's civil rights claims, see ECF No. 6 at 6, the claims for injunctive and monetary relief were properly dismissed for lack of subject matter jurisdiction.  See In re Hechinger Inv. Co. of Del., Inc., 335 F.3d 243, 249 (3d Cir. 2003) (noting that "where . . . the Eleventh Amendment precludes a suit, the court in which the plaintiff filed the action lacks subject matter jurisdiction").

Although the Eleventh Amendment does not bar claims for declaratory relief, see Wheeling & Lake Erie R. Co. v. Pub. Util. Comm'n of Com. of Pa., 141 F.3d 88, 91 (3d Cir. 1998), Mickman failed to state a viable federal claim through which she could obtain that remedy.  Finally, we perceive no error in the District Court's determination that amendment of the complaint would have been futile, as there are no factual allegations

3

from which we can infer that Mickman could have an actionable claim for relief. <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 112–13 (3d Cir. 2002).

For the foregoing reasons, we will affirm the judgment of the District Court.

4